IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARGARET J. SIMMONS-DAVIS, | ) | 8:11CV397 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAHA PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint in this matter on November 23, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Plaintiff filed her Complaint in this matter against her employer, Omaha Public Schools ("OPS"). (Filing No. 1 at CM/ECF p. 1.) OPS is a political subdivision. (*Id.*) Plaintiff currently resides in Omaha, Nebraska. (*Id.*)

Condensed and summarized, Plaintiff alleges that she suffers from "fibromyalgia and arthritis." (*Id.* at CM/ECF p. 2.) As a result, Plaintiff's ability to sit, walk, and lift objects is impaired. (*Id.*) Plaintiff advised Defendant that her doctor had instructed her not to lift in excess of 30 pounds. (*Id.*) This restriction affected Plaintiff's ability to perform the "essential functions of her job," and on April 2, 2011, Defendant placed Plaintiff on unpaid medical leave. (*Id.*) Plaintiff argues that she could have continued to work with reasonable accommodations. (*Id.*)

Plaintiff alleges that Defendant unlawfully placed her on unpaid medical leave, which caused emotional harm, "bodily illness, pain and suffering, humiliation,

anxiety[,] . . . severe emotional upset" and lost wages.  (*Id*. at CM/ECF p. 3.)  Plaintiff seeks monetary damages, attorney's fees and other "relief as the Court deems just." (*Id*.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

As set forth in the Americans with Disabilities Act ("ADA"):

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job

2

application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).  An employee seeking relief under the ADA must establish that: "[s]he was a disabled person within the meaning of the ADA, that [s]he was qualified to perform the essential functions of the job, and that [s]he suffered an adverse employment action under circumstances giving rise to an inference of unlawful discrimination." *Kozisek v. Cnty. of Seward, Neb.*, 539 F.3d 930, 934 (8th Cir. 2008).  Further, a person is disabled within the meaning of the ADA only if she demonstrates that she has a physical or mental impairment which substantially limits one or more of her major life activities, that she has a record of such an impairment, or that she is regarded as having such an impairment.  *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999).  "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(i)).

Here, Plaintiff alleges she has a disability, "fibromyalgia and arthritis," and that Defendant knew of her disability.  (Filing No. 1 at CM/ECF p. 2.)  *See, e.g., Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 147 (2d Cir. 2002) (recognizing that properly alleged claims of fibromyalgia are sufficient to plead a disability for ADA purposes). In addition, Plaintiff alleges that despite her disability, she could have performed the essential functions of her job with reasonable accommodations.  (Filing No. 1 at CM/ECF p. 2.)  Instead of accommodating Plaintiff, Defendant placed her on unpaid medical leave.  (*Id.*)  Liberally construed, and at this early stage, Plaintiff has alleged sufficient facts to nudge her ADA claim across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

3

IT IS THEREFORE ORDERED that:

1.      Plaintiff's ADA claim against Defendant may proceed and service is now warranted.

2.      To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide.  The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur.

3.      Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4.      Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint.   However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

4

6. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**April 29, 2012**: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 22nd day of December, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5